## EXTENT TO WHICH IRREGULAR SEWER ASSESSMENTS ARE ENFORCIBLE.

Circuit Court of Montgomery County.

CYRUS V. OSBORNE ET AL v. FRANK T. HUFFMAN, TREASURER, ET AL. *

*Municipal Corporations—Assessment for Sewers—Extent to Which Collections Irregularly Levied May Be Enforced.*

Under the curative provisions of the statute sewer assessments, which are illegal for irregularity in the proceedings, are enforcible to the extent to which expense has been incurred which is properly chargeable against the property assessed and is not in excess of benefits.

WILSON, J.; SUMMERS, J., and SULLIVAN, J., concur.

This is an action to enjoin the collection of certain sewer assessments on account of irregularities in the proceedings.

It appears that after the authorities had divided the city into sewer districts, as provided by law, and let the contract for building the sewers in district number one according to law, they attached certain additional territory, embracing the real estate of the plaintiffs, to said district, extended the sewer system into the added territory, and let the extended work to the same contractor, upon the same terms as in the contract for the original district, without advertising the same, and without competition. No other irregularity is complained of.

At the time this action was commenced no work had been done under the contract so irregularly entered into, affecting the property of the plaintiffs, but pending the action the work has been completed and a number of the plaintiffs have connected their property with the sewer so constructed. It is alleged in the answer filed by the city, that it had accepted and paid for the work; that there are no defects in the construction; that it has been completed at a reasonable cost; that strict regard has

---

* Affirmed without opinion, *Osborn et al* v. *Huffman, Treasurer*, 58 Ohio State, 697.

been paid to the limitations of assessments, and that the real estate of the plaintiffs has been greatly benefitted. These allegations are admitted to be true, no reply having been filed in the case.

It was also conceded on the trial, that the contract price paid for the work was the reasonable cost price.

The question to be determined here is: What are the rights of the parties under the existing circumstances?

Upon the facts stated, under the authority of *Uptington* v. *Oviatt*, 24 Ohio St., 232, and *Becher* v. *McCloud*, 2 Circ. Dec., 561, we conclude that the assessments in this case, though not conclusive, are enforcible to the extent expense has been incurred which is properly chargeable against the property assessed, and that within the meaning of the statute the expense so chargeable to the added territory is the whole of the contract price for the additional work, together with a proportionate share of the cost of the main in sewer district number one, not in excess of benefits.

It is therefore ordered that the temporary restraining order herein be dissolved; that the plaintiffs be adjudged to pay the assessments respectively as entered upon the tax duplicate, and that the parties hereto pay the costs made by them respectively.